**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4947**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JAMES ELBERT DANIELS,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:11-cr-00540-RBH-1)

———————

Submitted:  April 3, 2012            Decided:  April 11, 2012

———————

Before WILKINSON, DAVIS, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael A. Meetze, Assistant Federal Public Defender, Florence,
South Carolina, for Appellant.  Arthur Bradley Parham, Assistant
United States Attorney, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Elbert Daniels appeals his conviction and thirty-month sentence following a conditional guilty plea, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, Daniels' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court erred in denying the motion to suppress, the adequacy of the Rule 11 hearing, and the reasonableness of the sentence. Daniels was advised of his right to file a pro se supplemental brief but did not file one. Finding no error, we affirm.

Daniels first questions whether the district court erred in denying his motion to suppress. In reviewing the denial of a motion to suppress, "we review the district court's legal determinations *de novo* and its factual determinations for clear error." United States v. Kelly, 592 F.3d 586, 589 (4th Cir.), cert. denied, 130 S. Ct. 3374 (2010). When the district court has denied a suppression motion, "we construe the evidence in the light most favorable to the government." Id.

Consistent with the Fourth Amendment, a police officer may conduct a brief investigatory stop "when the officer has a reasonable, articulable suspicion that criminal activity is

2

afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000) (citing Terry v. Ohio, 392 U.S. 1, 30 (1968)). "In cases where an informant's tip supplies part of the basis for reasonable suspicion, [the court] must ensure that the tip possesses sufficient indicia of reliability." United States v. Perkins, 363 F.3d 317, 323 (4th Cir. 2004). An anonymous tip can provide a basis for reasonable suspicion if the tipster provides substantial details and establishes a basis for his knowledge. United States v. Elston, 479 F.3d 314, 318 (4th Cir. 2007). Upon review, we conclude that the district court did not err in finding that the police had reasonable suspicion to effect the traffic stop, and in denying Daniels' motion to suppress.

Next, Daniels questions whether the district court complied with Federal Rule of Criminal Procedure 11 in accepting his guilty plea. Our review of the plea hearing reveals that the district court fully complied with Rule 11 in conducting the plea colloquy, and thus committed no plain error in accepting Daniels' guilty plea. See United States v. General, 278 F.3d 389, 393 (4th Cir. 2002) (providing standard of review); United States v. Olano, 507 U.S. 725, 732 (1993) (detailing plain error standard).

Finally, Daniels questions whether his sentence was procedurally and substantively reasonable. In reviewing a sentence, we must first ensure that the district court did not

commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). Once we have determined that there is no procedural error, we must then consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Id. at 51. If the sentence imposed is within the appropriate Sentencing Guidelines range, we consider it presumptively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). The presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). Upon review, we conclude that the district court committed no procedural or substantive error in sentencing Daniels to thirty months' imprisonment, a sentence within the applicable Sentencing Guidelines range. See United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010) (providing standard of review); Olano, 507 U.S. at 732.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court

4

requires that counsel inform Daniels, in writing, of his right to petition the Supreme Court of the United States for further review. If Daniels requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Daniels. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED